## COX v. DWYER.

*(Supreme Court, General Term, Second Department.  February 8, 1892.)*

ARREST—FRAUDULENT REPRESENTATIONS—VACATING ORDER.

Plaintiff paid defendant $500 for part of the latter's restaurant business, after watching the business for 8 days, during which the average daily earnings were $35.  *Held,* that an order of arrest, based upon an alleged fraudulent statement by defendant that the daily earnings were $50, was properly vacated.

Appeal from special term, Queens county.

Action by Daniel D. Cox against James Dwyer for moneys alleged to have been fraudulently obtained from plaintiff.  Plaintiff appeals from an order vacating an order of arrest against defendant.  Affirmed.

Argued before BARNARD, P. J., and PRATT, J.

*Benjamin W. Downing,* for appellant. *James F. Pendleton,* for respondent.

BARNARD, P. J. An order of arrest was granted on the 10th of August, 1891, against the defendant, upon the ground that he had obtained $500 by fraud from the plaintiff. The defendant made a motion upon affidavits to vacate the order, which was done. The order of arrest was properly vacated. The defendant advertised for a sale of part of his restaurant business. The plaintiff avers that the defendant stated that he owed nothing, and was doing a business of $50 per day; that there was a mortgage of $325 on his fixtures. The plaintiff attempted to prove that the defendant owed a butcher for meat. The allegation is made upon information, and both the defendant and butcher deny the fact. The plaintiff found an old mortgage on the property, which is proven to have been paid. The whole case rests, therefore, upon the statement of daily earnings. The defendant says that he said the average earnings were $50. The defendant's affidavits show that the plaintiff watched the business after this statement as to earnings, and was very often at the place of business between May 20th, when the alleged statement was made, and May 28th, when the money was paid. The average was about $35 per day. The fact that the plaintiff, after full knowledge, paid the money, shows very clearly that the statement was not of a certain sum of earnings every day. If a jury should find fraud on the case made, the evidence would not be sufficient to support the verdict. There is no other way but to vacate the order. The order vacating the order of arrest should be affirmed, with costs and disbursements.